**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**JIM PEGRAM FARMS, JAMES**                                      **PLAINTIFFS**
**PEGRAM, and KATHLEEN PEGRAM**

**V.**                                                          **NO. 3:21-CV-196-DMB-RP**

**JPMORGAN CHASE BANK, N.A.;**
**CAPITAL ONE BANK (USA), N.A.;**
**NATIONSTAR MORTGAGE LLC**
**d/b/a Mr. Cooper; and XYZ**
**CORPORATIONS**                                                  **DEFENDANTS**

## OPINION AND ORDER

The plaintiffs commenced this case seeking to recover money paid from their bank account without their authorization to the defendant banks for the debts of a third party individual. The defendants have moved to dismiss on grounds that the plaintiffs fail to state a valid claim against them for conversion, negligence, or unjust enrichment. Because the plaintiffs have failed to show they are entitled to relief on any of the legal theories in their governing complaint, dismissal is proper.

### I
### Relevant Procedural History

On August 18, 2021, Jim Pegram Farms, James Pegram, and Kathleen Pegram filed a complaint in the Circuit Court of Tunica County, Mississippi, against Tony Skelton; J.P. Morgan Chase National Corporate Services, Inc.; Capital One, National Association; Nationstar Mortgage LLC d/b/a Mr. Cooper; and "XYZ Corporations." Doc. #3. The complaint asserted various claims arising from Skelton's alleged unauthorized use of a Jim Pegram Farms' bank account to pay his own debts. *Id.* at 2–12.

JPMorgan Chase Bank, N.A., alleging it was improperly identified as J.P. Morgan Chase

National Corporate Services, Inc.,[1] and Nationstar removed the case to the United States District Court for the Northern District of Mississippi on September 2, 2021, asserting diversity jurisdiction. Doc. #1. Skelton and Capital One consented to the removal. Docs. #2, #12.

After the plaintiffs voluntarily dismissed their claims against Skelton[2] and after Nationstar, Chase, and Capital One each filed a motion to dismiss the complaint,[3] the plaintiffs, with the Court's leave,[4] filed an amended complaint against Chase, Capital One,[5] and Nationstar on January 19, 2022. Doc. #74. Within the time to answer,[6] each defendant filed a motion to dismiss the amended complaint.[7] Docs. #83, #85, #93. Because "the amended complaint … [did] not incorporate the earlier pleading and because Nationstar, Chase, and Capital One … filed motions to dismiss the amended complaint," the Court denied as moot the motions to dismiss the original complaint. Doc. #113.

## II
## Relevant Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only *conceivably* give rise to relief don't suffice.

---

[1] On July 19, 2022, United States Magistrate Judge Roy Percy granted Chase's motion to correct the misnomer. Doc. #115.

[2] Doc. #19.

[3] Docs. #21, #24, #30.

[4] Doc. #73.

[5] The amended complaint lists Capital One as "Capital One Bank (USA), N.A." Doc. #74 at 1.

[6] Capital One received an extension until February 9, 2022, to file its response. Doc. #81.

[7] The motions to dismiss the amended complaint are fully briefed. *See* Docs. #84, #100, #111 (Nationstar's motion); Docs. #86, #102, #109 (Chase's motion); Docs. #94, #104, #112 (Capital One's motion).

*Smith v. Heap*, 31 F.4th 905, 910 (5th Cir. 2022). While the Court must "accept all well-pled facts as true," it "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018).

## III
## Factual Allegations

"In 1993, James and Kathleen Pegram opened a business bank account for Jim Pegram Farms at the Tunica, Mississippi branch of Citizens Bank & Trust Company." Doc. #74 at 2. "[T]he account was used in their farming business, and James and Kathleen were the only people authorized to use the account." *Id.* at 3. They would write "checks out of the account and never used it for any ACH withdrawals." *Id.*

"Sometime in 2016 or before, unbeknownst to James and Kathleen, Tony Skelton deceptively acquired or learned the account number of the Jim Pegram Farms' Citizen Bank & Trust Company." *Id.* Skelton[8] then began to use the account "to pay his own debts to [Chase, Capital One, and Nationstar] by ACH debit transfers by furnishing them with the Jim Pegram Farms account number and Citizens Bank & Trust Company routing number, without knowledge or authorization from James or Kathleen." *Id.*

"Between 2018 and 2020, Capital One [and Chase] never verified that Skelton was an authorized user of the Jim Pegram Farms account, and … requested a total of $243,602.66 [and $203,085.00, respectively] from the … account via ACH debit transfer and took possession of

---

[8] Nationstar asserts that Skelton was a "former employee" of the plaintiffs. Doc. #83 at 1. The plaintiffs deny this allegation. Doc. #100 at PageID 634.

those funds … and applied them to satisfy Skelton's debits to [them]." *Id.* at 3–4. Nationstar engaged in the same conduct "[b]etween 2016 and 2020" and applied $53,296.12 received to Skelton's debts. *Id.* at 4. Each bank "failed to follow its own internal policies, procedures, and protocols required to verify the authenticity of signatures." *Id.* at 6, 8, 10.

The plaintiffs did not discover their funds were being taken until January 2020. *Id.* at 4.

## IV
## Analysis

The plaintiffs' amended complaint alleges claims of conversion, unjust enrichment, and negligence against each of the defendants and demands compensatory damages, pre- and post-judgment interest, and an award of legal fees and costs. Doc. #74 at 4–12.

### A. Nationstar's Motion to Dismiss

Nationstar asserts that "[o]n the face of their pleading, the Plaintiffs' claims against [it] fail as a matter of law." Doc. #83.

### 1. Conversion

Nationstar argues that the plaintiffs "do not allege any positive wrongful act by Nationstar" in support of their conversion claim and "the money [they] seek to recoup was not capable of being converted." Doc. #84 at 3–4. The plaintiffs respond that Nationstar "committed positive wrongful acts [by] request[ing] or order[ing] ACH debit transfers from Citizens Bank & Trust Company;" failing to take "steps to confirm that … Skelton was an unauthorized [sic] user;" and violating "its own established policies." Doc. #100 at PageID 638. And because they "specifically identify the funds alleged to have been converted to the penny … and further specify the pre-conversion locus of the funds," the plaintiffs argue they "have asserted an adequately specific and valid claim for conversion." *Id.* at PageID 639. Nationstar replies that the plaintiffs "offer no authority to support their conclusory allegations that the alleged debits transfers were some positive wrongful act;"

4

"banks owe no duty of care to non-customers to protect them from their customers;" and its "own policies and procedures … do not benefit the general public or provide a cause of action to aggrieved third parties." Doc. #110 at 6. Nationstar further argues that the ability to identify the specific amount that was allegedly taken does not satisfy the requirement of identifying specific funds. *Id.* at 7.

"Conversion, or civil theft, requires an intent to exercise dominion or control over goods which is inconsistent with the true owner's right."[9] *McGee v. Comprehensive Radiology Services, PLLC*, 340 So. 3d 328, 333 (Miss. 2022) (internal quotation marks omitted). "In order to maintain an action for conversion, there must have been, on the part of the defendant, some *unlawful* assumption of dominion over the personal property of the plaintiff." *Anderson v. Wiggins*, 331 So. 3d 1, 5 (Miss 2020) (alterations omitted). A claim for conversion "cannot be maintained without proof that the defendant either did some positive wrongful act with the intention to appropriate the property to himself, or to deprive the rightful owner of it." *Cmty. Bank, Ellisville v. Courtney*, 884 So. 2d 767, 773 (Miss. 2004). Additionally, the plaintiffs' interest in the property must have been "made known and resisted." *Greenline Equip. Co. v. Covington Cnty. Bank*, 873 So. 2d 950, 955 (Miss. 2002).

Here, the only actions the plaintiffs allege Nationstar took were "request[ing] or order[ing] ACH debit transfers from Citizens Bank … and accept[ing] the funds from [their] bank account as payment of Skelton's debt."[10] Doc. #74 at 9. But the plaintiffs fail to allege that Nationstar knew of their ownership—or that the funds belonged to anyone other than Skelton—at the time

---

[9] The Court applies Mississippi law in this diversity jurisdiction case. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 512 (5th Cir. 2018).

[10] Though the plaintiffs argue Nationstar failed to confirm Skelton was an authorized user and failed to follow their own internal policies, they do not provide any law to support the proposition that failure to do something amounts to a "positive wrongful act with the intention" of obtaining the funds.

Nationstar requested and accepted payment. Nor do the plaintiffs allege or provide any argument as to why making the request and accepting funds Nationstar believed belonged to Skelton amounts to conversion. Under these circumstances, the plaintiffs have failed to adequately plead their conversion claim against Nationstar and dismissal is proper.[11]

## 2. Negligence

Nationstar argues the plaintiffs' negligence claim fails because it did not owe a duty to them as non-customers and an internal policy does not create a duty such that failure to follow an internal policy would give rise to a negligence claim. Doc. #84 at 4–6. The plaintiffs reply that "Mississippi courts have not conclusively decided the issue of whether a bank owes a duty of care to a non-customer" and this Court should "decline to make an *Erie* guess." Doc. #100 at PageID 640. Alternatively, the plaintiffs argue—without citation to case law—that Nationstar had a duty "to not order another bank to transfer funds to [it] without having proper authorization from [the] true bank account owner." *Id.* at PageID 641. In reply, Nationstar argues that the plaintiffs "completely ignore the Fifth Circuit's ruling cited by [it] – *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507 (5th Cir. 2018) … [where] the Fifth Circuit expressly found that Mississippi law … did not impose a duty of care on banks to protect a third-party non-customer from the actions of bank customers." Doc. #110 at 2.

In *Midwest Feeders*, Midwest Feeders, Inc. brought claims against the Bank of Franklin after Robert Rawls, an individual Midwest authorized to use an Alva State Bank & Trust account to purchase livestock, engaged in a scheme of depositing checks from the Alva account into his personal Franklin account. 886 F.3d at 510–12. Recognizing that "Mississippi requires that the plaintiff establish the traditional elements of negligence: duty or standard of care, breach of that

---

[11] Having found dismissal proper, the Court declines to address whether the funds were capable of being converted.

duty or standard, proximate causation, and damages or injury" but "[n]o Mississippi case directly addresses whether a bank may owe a duty to a non-customer in [similar] circumstances," the Fifth Circuit made "an *Erie* guess as to whether the Mississippi Supreme Court would recognize such a duty." *Id.* at 515–16 (internal quotation marks omitted). The Fifth Circuit ultimately predicted that Mississippi would not impose upon a bank a duty of reasonable care to a non-customer. *Id.* at 519.

Although *Midwest Feeders* supports the plaintiffs' argument that Mississippi courts have not decided whether banks have a duty of care to non-customers, the Fifth Circuit's *Erie* guess in that case is binding on this Court in the absence of "a clearly contrary subsequent holding of the highest court of the state [or] a subsequent statutory authority." *F.D.I.C. v. Abraham*, 137 F.3d 264, 269 (5th Cir. 1998); *see Sanchez v. Marathon Oil Co.*, No. 20-1044, 2021 WL 1201677, at *5 (S.D. Tex. Jan. 21, 2021) (recognizing Fifth Circuit's *Erie* guess as binding on the district courts). Because this precedent holds that Nationstar did not owe the plaintiffs a duty, the negligence claim is properly dismissed.

### 3. Unjust enrichment

Nationstar argues "unjust enrichment is an equitable remedy" to which the plaintiffs are not entitled because "[t]hey allege [Skelton] intentionally used their funds to pay his debts, not that the funds were transferred to Nationstar by mistake" and they "failed to discover [Skelton's] unauthorized use for years." Doc. #84 at 6–7. The plaintiffs respond that Nationstar "made a misrepresentation to Citizens that it had authority to draw on [their] account, therefore [Nationstar] procured a mistake or participated in or caused a breach of some duty imposed by law" and they are not barred from bringing the action because their "actions in not discovering that their funds were sent to [Nationstar] until January 2020 cannot be said to be … willful misconduct." Doc.

#100 at PageID 643. Nationstar replies that "[b]y definition, unjust enrichment only applies when one party has mistakenly paid another party" and the plaintiffs admit the payments were a result of Skelton stealing their bank information; and because the plaintiffs "were statutorily obligated to detect and promptly report any unauthorized transactions," they "are guilty of unclean hands and that confessed misconduct bars their claim." Doc. #110 at 8–10.

> A claim for unjust enrichment exists when one party has mistakenly paid another party. It applies in situations where no legal contract exists, and the person charged is in possession of money or property which, in good conscience and justice, he or she should not be permitted to retain, causing him or her to remit what was received. But there is nothing inherently unjust about enrichment and an unjust-enrichment claim applies only to enrichments objectively seen as unjust.

*Seven Seas Techs., Inc. v. Infinite Comput. Sols., Inc.*, 353 F. Supp. 3d 545, 554 (S.D. Miss. 2018) (cleaned up). "The law is clear that unjust enrichment applies when one party has *mistakenly* paid another party." *Willis v. Rehab Sols., PLLC*, 82 So. 3d 583, 588 (Miss. 2012) (emphasis added).

The amended complaint here does not allege that the plaintiffs mistakenly paid the funds to Nationstar but rather alleges that Skelton paid the funds by using the plaintiffs' account without authorization. *See* Doc. #74. The plaintiffs admit as much in their response to the motion to dismiss but argue that because "Skelton himself 'procured the mistake' by stealing [their] banking information" and Nationstar "made a misrepresentation to Citizens that it had authority to draw on [the] account," Nationstar "procured a mistake or participated in or caused a breach of some duty imposed by law." Doc. #100 at PageID 642. However, as explained above, Nationstar did not owe a duty to the plaintiffs. And while there is no doubt Nationstar was enriched by the payment, nothing in the complaint suggests Nationstar's enrichment was unjust when the funds were received as payments for Skelton's debts. *Cf. Dunn v. Dunn*, 853 So. 2d 1150, 1154 (Miss. 2003) (after court order reforming deed in favor of mother was reversed such that son held title to home for which mother had paid mortgage, mother had an unjust enrichment claim against son because

although "the money [for the mortgage] was not paid directly to [son], he benefitted from the payment of the money [and i]n equity and good conscience, [son—but not the bank—] should have refunded the money to [mother] without the necessity of further legal or equitable action"). Accordingly, the plaintiffs have failed to state an unjust enrichment claim.[12]

### 4. Attorney fees

Nationstar argues the plaintiffs are not entitled to attorney fees because they "do not allege the existence of a contract" entitling them to such and "also fail to identify any statute that entitles them to an award of fees." Doc. #84 at 7–8. The plaintiffs fail to address this argument in their response. Nationstar argues this failure to respond amounts to an abandonment that warrants dismissal with prejudice of the claim for attorney fees. Doc. #110 at 11. The Court agrees and the plaintiffs' request for attorney fees is properly dismissed.[13] *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims.").

### 5. Summary

The plaintiffs have failed to state a claim against Nationstar with respect to their conversion, negligence, and unjust enrichment claims, and abandoned their request for attorney fees in response to Nationstar's motion to dismiss. Accordingly, Nationstar's motion to dismiss will be granted.

### B. Remaining Motions to Dismiss

Relying on arguments almost identical to Nationstar's, Chase asserts dismissal is proper

---

[12] Because the plaintiffs have failed to state a claim, the Court declines to address whether dismissal is warranted based on any affirmative defenses.

[13] Even if the claim was not abandoned, in federal civil litigation "each party, win or lose, generally bears many of its own litigation expenses, including attorney's fees." *City of San Antonio v. Hotels.com, L.P.*, 141 S. Ct. 1628, 1631 (2021).

because (1) "[c]onversion requires an intent to exercise dominion or control over the goods of another and some 'positive wrongful act' by the defendant[ and m]oney that is not earmarked or otherwise identifiable cannot be converted;" (2) the plaintiffs failed to state a negligence claim because "[b]anks do not owe a duty of reasonable care to non-customers under Mississippi law;" and (3) "[p]laintiffs have failed to allege any mistaken payments were made [in support of their unjust enrichment claim] and cannot shift liability to Chase for any unauthorized payments made by their bank." Doc. #85 at 2–3. Similarly, Capital One submits that (1) the conversion claim fails for lack of a positive wrongful act; (2) the "negligence claim fails for lack of duty because … banks do not owe a common law duty of care to non-customers;" (3) the "unjust enrichment claim fails because there is no implied promise between Capital one [sic] and Plaintiffs, Capital One is an innocent third-party creditor, and Plaintiffs are not entitled to equitable relief when they slept on their rights for four years;" and (4) the plaintiffs "do not allege a contract or statute that would entitle them to" attorney fees. Doc. #93 at 2.

Above, the Court determined that the amended complaint fails to state a claim against Nationstar. The amended complaint does not contain any different or additional factual allegations against Chase and Capital One that would make the same analysis and conclusions inapplicable to the claims against them, particularly since the plaintiffs do not provide any additional argument or authority in response to Chase's and Capital One's motions to dismiss.[14] Accordingly, for all the reasons explained above, dismissal of all claims against Chase and Capital One is also warranted.

## V
## Conclusion

The defendants' motions to dismiss the amended complaint [83][85][93] are **GRANTED**.

---

[14] The plaintiffs present the same arguments and rely on the same law in response to all three motions. *Compare* Doc. #102, *and* Doc. #104, *with* Doc. #100.

The amended complaint [74] is **DISMISSED with prejudice**.

      **SO ORDERED**, this 6th day of September, 2022.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
